**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**CASE NO.: 2:20-cv-400**

**JOHN A. SCHULTZ III,**

    **Plaintiff,**

**v.**

**WILSON LIGHTING OF NAPLES, INC.,**
**ROBERT WILSON III, and BRIAN WILSON,**

    **Defendants.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, JOHN A. SCHULTZ III ("Plaintiff"), brings this action against Defendants WILSON LIGHTING OF NAPLES, INC. ("Defendant WLNI") and ROBERT WILSON III ("Defendant R. Wilson") and BRIAN WILSON ("Defendant B. Wilson") (collectively, the "Defendants") for unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), as well as for breach of contract.

    1.    Plaintiff is currently a resident of Collier County, Florida, is over the age of 18 and otherwise *sui juris*.

    2.    Defendant WLNI is a Florida Corporation authorized to do business, and does operate and conduct business, in Collier County, Florida.

3. Defendant R. Wilson and Defendant B. Wilson were and are now the owners, directors, and/or managers of Defendant WLNI, and are residents of Collier County, Florida.

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue in this District is proper because the causes of action upon which this action is based accrued in Collier County, Florida, Defendant WLNI maintains its principal place of business in this judicial district, within the meaning of 28 U.S.C. § 1391(c), and Defendants R. Wilson and B. Wilson are residents of Collier County, Florida.

6. Defendant WLNI is and, at all times material to this Complaint, was engaged in interstate commerce.  At all times material to this Complaint, Defendant WLNI operated as an organization which sells and/or markets its services to customers/clients from throughout the United States and also provides its services across the state lines of other states, and Defendant WLNI obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of Defendant WLNI was at all times material hereto in excess of $500,000 per annum.

7. At all times material, Defendant WLNI was an enterprise engaged in interstate commerce as defined by § 3(r) and 3 (s) of the FLSA, 29 U.S.C. §§203(r) and 203 (s). Additionally, Plaintiff was individually engaged in interstate commerce during his employment with Defendant WLNI.

8. At all times material hereto, Defendant R. Wilson managed and/or operated Defendant WLNI, and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate of pay for employees, and/or controlled the finances and operations of Defendant WLNI. By virtue of such control and authority, Defendant R. Wilson is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

9. At all times material hereto, Defendant B. Wilson managed and/or operated Defendant WLNI, and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rate of pay for employees, and/or controlled the finances and operations of Defendant WLNI. By virtue of such control and authority, Defendant B. Wilson is an employer of Plaintiff as such term is defined by the FLSA, 29 U.S.C. § 203(d).

10. During Plaintiff's employment with Defendants, Plaintiff held the position of design studio project manager at Defendants' Naples store located at 2465 Trade Center Way, Naples, Florida 34109, in Collier County, Florida.

11. At the beginning of his employment with Defendants, Plaintiff entered into an Employment Agreement with Defendant WLNI on November 13, 2017. A true and correct copy of the Employment Agreement is attached hereto as Exhibit A.

12. Pursuant to the Employment Agreement, Defendant WLNI was to pay Plaintiff an hourly rate of no less than $20.00.

13. Plaintiff's Employment Agreement could not be modified or changed orally, and any modifications or changes that Defendant WLNI wanted to make to the Employment Agreement would require a written agreement to such a change or modification signed by Plaintiff.

14. From November 13, 2017, through approximately March 24, 2018, Defendants classified Plaintiff as an hourly, non-exempt employee.

15. On or about March 25, 2018, Defendants unilaterally reclassified Plaintiff as a salaried-exempt employee despite there being no changes to his position or duties.

16. As a result of the reclassification, Plaintiff began making less than his contractually required hourly rate of $20.00.

17. At all times material hereto, Plaintiff worked, on average, well in excess of forty (40) hours per week for Defendants.

18. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

19. At all times relevant to this action, Defendants were aware of, but failed to comply with, 29 U.S.C. §§201-209, because Defendants willfully and deliberately failed to pay Plaintiff overtime pay for hours worked in excess of 40 in any work week.

20. As a result of Defendants' actions described above, Plaintiff was not paid one and one-half times his regular rate of pay for each hour worked in excess of forty hours per work week during many work weeks.

21. Plaintiff regularly worked overtime hours.

22. The records, if any, concerning the number of hours worked and amounts paid to Plaintiff should be in the possession and custody of Defendants, however, on information and belief, Defendants did not maintain any time records of hours worked by Plaintiff between March 25, 2018, and January 3, 2020.

23. Plaintiff's Employment Agreement required that Defendant WLNI provide Plaintiff written notice of termination, with a minimum of two weeks' written notice if Defendant WLNI were to terminate Plaintiff's employment without cause.

24. On or about January 3, 2020, Defendants verbally notified Plaintiff that his employment was being terminated.

25. Defendants' termination of Plaintiff's employment was without cause.

COUNT I
FLSA – RECOVERY OF OVERTIME COMPENSATION
(As to All Defendants)

26. Plaintiff reincorporates and re-adopts all allegations contained within Paragraphs 1-10, and 14-22 above.

27. The FLSA requires that employers pay employees time and one-half their regular rate of pay for all hours worked in excess of 40 in each work week, unless the employer can establish an exemption applies.

28. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week during the relevant time period, because he was a non-exempt employee under the FLSA.

29. During the relevant time period, Plaintiff regularly worked well in excess of forty (40) hours per week without receiving overtime compensation.

30. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty in work weeks during the relevant time period, Plaintiff suffered damages and has been compelled to incur reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages in an amount equal to his unpaid overtime wages.

WHEREFORE, Plaintiff demands judgment against Defendants Wilson Lighting of Naples, Inc. Robert Wilson III and Brian Wilson, jointly and severally, for the payment of compensation for all unpaid overtime hours worked for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

COUNT II
BREACH OF CONTRACT
(As to Defendant WLNI)

32. Plaintiff reincorporates and re-adopts all allegations contained within Paragraphs 1-5 and 10-13, and 15-17 above.

33. On or about November 13, 2017, Plaintiff entered into an Employment Agreement with Defendant, a true and correct copy of which is attached hereto as Exhibit A.

34. Pursuant to Section 2 of the Employment Agreement, Defendant WLNI "shall pay Employee a bi-weekly salary in the amount of $20.00 per hour, or such greater amount as determined by the officers and general manager of the Company, in their sole discretion."

35. Pursuant to Section 18 of the Employment Agreement, "[t]his Agreement may not be modified, amended, waived, extended, changed, discharged or terminated orally or by any act of failure to act on the part of the Employee or the Company, but only by an agreement in writing signed by the party against whom enforcement of any modification, amendment, waiver, extension, change, discharge or termination is sought."

36. On or about March 25, 2018, Defendant WLNI unilaterally changed Plaintiff's compensation from $20.00 per hour, to an annual salary of approximately $41,600.00.

37. Plaintiff's annual salary remained approximately $41,600.00 from March 25, 2018, until May 24, 2019, a period spanning sixty-one (61) weeks.

38. During the sixty-one week period between March 25, 2018, and May 24, 2019, Plaintiff worked approximately fifty hours per week, resulting in an hourly rate of $16.00.

39. Pursuant to the Employment Agreement, Plaintiff should have been paid a minimum hourly rate of no less than $20.00 at all times during his employment with Defendant WLNI.

40. By only paying Plaintiff $16.00 per hour between March 25, 2018, and May 24, 2019, Defendant WLNI breached the Employment Agreement.

41. As a result of Defendant WLNI's breach of the Employment Agreement. Plaintiff has suffered damages and has been compelled to incur reasonable attorneys' fees and costs.

42. Plaintiff is entitled to his costs and reasonable attorneys' fees pursuant to Fla. Sta. §448.08.

WHEREFORE, Plaintiff demands judgment against Defendant WLNI for the difference between his contracted hourly rate and his actual hourly rate over the sixty-one (61) week period between March 25, 2018, and May 24, 2019, reasonable attorneys' fees and costs incurred in this action , and any and all further relief that this Court determines to be just and appropriate.

COUNT III
BREACH OF CONTRACT
(As to Defendant WLNI)

43. Plaintiff reincorporates and re-adopts all allegations contained within Paragraphs 1-5, 10-13, and 23-25 above.

44. Pursuant to Section 10 of the Employment Agreement, "[a]ny termination of [Plaintiff's] employment by [Defendant WLNI] pursuant to this Agreement shall be communicated by written Notice of Termination to the other party hereto."

45. Pursuant to Section 7 of the Employment Agreement, Defendant WLNI "may terminate Employee's employment under this Agreement, without cause, by providing [Plaintiff] with two weeks written notice.  Unless a later date is specified in the notice or is subsequently agreed to in writing by the Company and the Employee, Employee will cease to be an Employee of the Company at the end of the fourteenth

(14th) day after such notice is provided, and he or she will not receive or accrue any benefits of employment after such termination of employment."

46. On January 3, 2020, Defendant B. Wilson notified Plaintiff verbally that his employment was terminated effective immediately. At no point did any of the Defendants ever provide Plaintiff with any kind of written notice of termination.

47. At no point did any of the Defendants provide Plaintiff with any reason for the termination that would constitute "cause" pursuant to Section 8 of the Employment Agreement.

48. Defendant WLNI's termination of Plaintiff's employment was without cause.

49. Pursuant to the Employment Agreement, Plaintiff is entitled to his regular pay for the two-week termination notice period that was required by the Employment Agreement.

50. By failing to provide the required two weeks' notice, Defendant WLNI breached the Employment Agreement.

51. As a result of Defendant WLNI's breach of the Employment Agreement. Plaintiff has suffered damages and has been compelled to incur reasonable attorneys' fees and costs.

52. Plaintiff is entitled to his costs and reasonable attorneys' fees pursuant to Fla. Sta. §448.08.

WHEREFORE, Plaintiff demands judgment against Defendant WLNI for the two weeks of wages covering the notice period for which Defendant WLNI did not properly

compensate him, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

53. Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 4th day of June, 2020.

                Kevin D. Smith, Esq.
                Florida Bar No. 0528137
                kevin@kdsmithlaw.com
                Law Offices of Kevin D. Smith, P.A.
                6099 STIRLING ROAD, SUITE 101
                Davie, FL  33314
                Tel.:  (954) 797-9626
                Fax.:  (954) 239-3956
                Attorneys for Plaintiff

                **.s/ Kevin D. Smith**
                Kevin D. Smith