UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN A SCHULTZ,

    Plaintiff,

v.   Case No.:   2:20-cv-400-FtM-38MRM

WILSON LIGHTING OF NAPLES, INC.,
BRIAN WILSON and ROBERT WILSON,
III ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Joint Motion for Approval of Parties' Settlement Agreement.  (Doc. 8).  Specifically, the parties ask the Court to approve the terms of their Settlement Agreement, dismiss the action with prejudice, and reserve jurisdiction to enforce the terms of the Settlement Agreement.  (*Id.* at 6).  For the reasons set forth below, the undersigned recommends that the parties' Joint Motion be **DENIED WITHOUT PREJUDICE**.

### BACKGROUND

Plaintiff filed the Complaint in this matter on June 4, 2020.  (Doc. 1).  The Complaint alleges a violation of the Fair Labor Standards Act in that Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for hours worked in excess of forty per week.  (*Id.* at 5).  Additionally, the Complaint alleges two breach of contract claims, one alleging that Defendant WLNI "unilaterally changed Plaintiff's compensation from $20 per hour, to an annual salary of approximately $41,600.00," the other alleging that Defendant Wilson terminated Plaintiff's employment without giving the contractually stipulated two weeks' written notice.  (*Id.* at 6-9).  On June 12, 2020, Defendants filed a Notice of Settlement with the Court.  (Doc. 7).

Rather than file the Settlement Agreement in CM/ECF as is required, the parties transmitted a copy of the Settlement Agreement directly to chambers, presumably for *in camera* review and consideration. The parties ostensibly made that decision in order to keep the details of the Settlement Agreement confidential, as it contains a confidentiality provision.

## LEGAL STANDARD

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Lynn's Food Stores*, 679 F.2d at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Lynn's Food Stores*, 679 F.2d at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Lynn's Food Stores*, 679 F.2d at 1353. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. Specifically, the Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow

>     the district court to approve the settlement in order to promote the
>     policy of encouraging settlement of litigation.

*Id.* at 1354.

## DISCUSSION

The proposed settlement agreement is here has not been made part of the Court's public record, presumably because it contains a confidentiality provision.  The existence of the confidentiality provision precludes the Court from conducting the necessary review of the proposed settlement and is fatal to the motion *sub judice*.  An employer's insistence upon a confidentiality provision as part of an FLSA settlement contravenes the policies underlying the FLSA.  *Gillard v. Fleetmatics USA, LLC*, No. 8:16-CV-81-T-27MAP, 2016 WL 6997167, at *1 (M.D. Fla. Sept. 20, 2016).  Further, a confidentiality provision in an FLSA settlement agreement undermines the Department effort to notify employees of their FLSA rights.  *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010).  A district court "should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."  *Id.* at 1243.  As the proposed Settlement Agreement here contains a confidentiality provision, the undersigned cannot recommend that the Court approve the Settlement Agreement.  Importantly, because the terms of the proposed settlement are confidential, the Court cannot even discuss the terms of the proposed settlement in a public court filing for the purpose of determining whether the remaining terms are fair and reasonable.[1]

---

[1] By disclosing the Settlement Agreement to the Court for *in camera* review without first seeking and obtaining leave of Court to do so, the parties have arguably waived any confidentiality concerning the settlement or the Settlement Agreement.  The Court finds, however, that denying the motion *sub judice* without prejudice to the parties' ability to re-file the motion with a settlement agreement that does not suffer from an impermissible confidentiality provision is a more pragmatic approach in lieu of concluding that the parties have waived any purported confidentiality by their conduct.

3

The parties should, therefore, be required to refile their motion along with a settlement agreement that does not contain a confidentiality provision.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that the presiding United States District Judge **DENY WITHOUT PREJUDICE** the parties' Joint Motion for Approval of Parties' Settlement Agreement (Doc. 8).

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on August 5, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties